STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY BERRY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0801** (BOR Appeal No. 2048073)
                (Claim No. 2012033847)

**GENTLEMAN GENE TRUCKING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Berry, by Patrick G. Jacobs, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gentleman Gene Trucking, Inc., by Estelle K. McGrath, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a January 11, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 22, 2012, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Berry, a truck driver, was injured in the course of his employment on April 16, 2012, while moving a mail cart. The employee's and physician's report of injury indicates that he developed mid-back pain that radiated into his hips and knees. The diagnosis was thoracolumbar strain. Mr. Berry has an extensive history of lower back injuries. Reports of occupational injuries indicate he injured his back in 1980, 1994, 2000, and 2004. Treatment notes by Timothy Deer, M.D., indicate Mr. Berry reported severe back pain that began after a motor vehicle accident in the course of his employment. Dr. Deer diagnosed lumbosacral sprain/strain with a known history of multilevel disc bulges, facet arthropathy, and stenosis of the lumbar spine. A lumbar

1

MRI revealed on October 10, 2005, that Mr. Berry had mild to moderate stenosis and foraminal narrowing. On June 1, 2005, he was treated for low back and left leg pain. On August 4, 2006, he reported constant aching pain in his low back and down his left leg. He also had left leg numbness. A lumbar MRI showed in November of 2005 that Mr. Berry had degenerative changes and spinal stenosis. In December of 2006, an MRI showed diffuse disc bulges at L3-4 and L5-S1. There was also a diffuse bulge with facet hypertrophy and bilateral foraminal narrowing at L4-5.

A treatment note by Leon Kwei, M.D., dated December 10, 2010, indicates that Mr. Berry was treated for severe pain in his left thigh and hip. He reported no known injury and a bone scan revealed arthritic changes. On September 10, 2011, seven months prior to the compensable injury, a lumbar MRI revealed degenerative changes with spondylosis throughout the lumbar spine with multiple levels of disc space narrowing and disc desiccation. There was a diffuse bulge at L2-3 with a left paracentral disc protrusion causing severe central canal and bilateral foraminal stenosis. There was also a disc bulge at L3-4 and L4-5 resulting in moderate central canal and bilateral foraminal stenosis.

Following the compensable injury, Mr. Berry was treated by Frank Armbrust, M.D. At that time, he reported pain in his back, left hip, and left thigh. Dr. Armbrust noted that he had previously treated Mr. Berry for low back and right leg pain. He reviewed a lumbar MRI and found a left-sided herniated disc at L2-3. There was also significant spinal stenosis with a disc protrusion at L2-3 tending toward the left. The MRI was otherwise unchanged from a previous MRI. Dr. Armbrust diagnosed left mid-lumbar radiculopathy, most likely related to the L3 nerve root.

The claims administrator rejected the claim on June 22, 2012. The Office of Judges reversed the decision by Order dated January 11, 2013, and held the claim compensable for thoracolumbar strain. The Office of Judges found that Mr. Berry established that he sustained a compensable injury on April 16, 2012. According to his deposition testimony, the claim application, and reports from Charleston Area Medical Center, Mr. Berry developed increased lower back pain and bilateral lower extremity pain and numbness after the work-related injury. Dr. Kwei examined him on the date of the injury and diagnosed a thoracolumbar strain. The Office of Judges found no evidence in the record to indicate that Mr. Berry did not injure his low back on April 16, 2012. It also found no evidence refuting Dr. Kwei's diagnosis.

The Office of Judges found that the evidence clearly establishes that the L2-3 herniation/protrusion pre-existed the compensable injury. Specifically, an MRI report dated September 10, 2011, showed a disc bulge at L2-3 with a left paracentral disc protrusion resulting in a severe degree of central canal and foraminal narrowing with severe involvement of the left neural foramina. Also, Dr. Armbrust compared the pre-injury September 10, 2011, MRI with a lumbar MRI taken after the compensable injury and found it to be unchanged in regard to neuroforaminal compromise. Dr. Armbrust diagnosed Mr. Berry with lumbar radiculopathy most likely related to the pre-existing L3 nerve root. The weight of the medical evidence was therefore found to indicate that his left lower extremity symptoms were the result of the L2-3 disc protrusion and pre-existed the compensable injury. Lastly, the Office of Judges found that

though Mr. Berry testified in a deposition that he had no left leg problems prior to the compensable injury, the evidentiary record indicates otherwise. Specifically, medical reports dated June 1, 2005; August 4, 2006; December 10, 2010; and September 10, 2011, indicate he reported left lower extremity pain and/or numbness.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision entered by the Office of Judges by Order dated July 5, 2013. On appeal, Mr. Berry argues that the Board of Review erred by not remanding the case to the Office of Judges for consideration of an independent medical evaluation by Constantino Amores, M.D. In his September 25, 2012, report, Dr. Amores opined that there is a causal connection between the current complaints and the compensable injury. Mr. Berry also argues that the Board erred by failing to find that Gentleman Gene Trucking, Inc.,'s disclosure of the report was untimely and that it had an affirmative duty to disclose the report and file it with the Office of Judges in a timely manner pursuant to West Virginia Code of State Rules § 93-1-7.3(B)(1) (2008). West Virginia Code of State Rules § 93-1-7.3(B)(1) provides that the report of an expert shall be offered into evidence by delivering a copy to the Office of Judges and providing a copy to the opposing party. Gentleman Gene Trucking, Inc., asserts that the only issue that has been properly preserved in the instant case is whether the claim should be remanded to the Office of Judges to reopen for reconsideration of Dr. Amores's report. Further, Mr. Berry had access to the report and failed to submit it in a timely manner. Also, Gentleman Gene Trucking, Inc., had no affirmative duty to submit the report itself.

After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Amores's report was not offered as evidence before the Office of Judges, was not part of the evidentiary record on appeal, and therefore cannot be considered by this Court. Mr. Berry argues that Gentleman Gene Trucking, Inc., had an affirmative duty to submit the report under West Virginia Code of State Rules § 93-1-7.3(B)(1); however, West Virginia Code of State Rules § 93-1-7.3(B)(1) does not state that a party has an affirmative duty to submit all evidence in its possession, it merely outlines the proper procedure for submitting evidence to the Office of Judges and the opposing party. Gentleman Gene Trucking, Inc., had no affirmative duty to submit Dr. Amores's independent medical evaluation. It chose not to submit the report as evidence before the Office of Judges, and Mr. Berry failed to submit the report in support of his claim. The claim is not remanded to the Office of Judges for consideration of the report, as Mr. Berry requested, because he had the report prior to the expiration of the Time Frame Order and simply failed to submit it into evidence. The evidentiary record indicates that Mr. Berry sustained a thoracolumbar strain in the course of his employment on April 16, 2012.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II